IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL LOUIS COLEMAN, | ) | |
| # 214910, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No.2:08cv436-MHT |
| | ) | (WO) |
| J.C. GILES, WARDEN, *et al.*, | ) | |
| | ) | |
| Respondents. | | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, filed on June 3, 2008, by Michael Louis Coleman ("Coleman"). In his petition, Coleman challenges his conviction and sentence for first-degree robbery entered against him by the Circuit Court of Houston County, Alabama.

In their answer filed with this court on August 25, 2008 (Doc. No. 13), the respondents assert, among other things, that the petitioner has failed to exhaust his state remedies with respect to each of the claims presented in his habeas petition. Specifically, the respondents maintain that a form of the claim in petitioner's habeas petition concerning the legality of his conviction and sentence is pending before the Alabama Court of Criminal Appeals on appeal from the denial of the petitioner's Rule 32 petition.

The law directs that a petition for writ of habeas corpus filed by "a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that the petitioner may not have exhausted his available state court remedies with respect to all claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before September 19, 2008, the petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 29th day of August, 2008.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE